1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2024

SEAN F. McAVOY, CLERK

3

4

5        UNITED STATES DISTRICT COURT
6        EASTERN DISTRICT OF WASHINGTON

7  APRIL H.,[1]                              No.    1: 24-cv-03018-EFS

8                    Plaintiff,

9           v.                               **ORDER REVERSING THE ALJ'S
                                             DENIAL OF BENEFITS, AND
10 MARTIN O'MALLEY, Commissioner of          REMANDING FOR FURTHER
   Social Security,                          PROCEEDINGS**

11
                   Defendant.
12

13

14

15        Due to post-traumatic stress disorder (PTSD), bipolar disorder, anxiety,

16 amphetamine use disorder in remission, cardiac arrhythmias, and obesity, Plaintiff

17 April H. claims that she is unable to work fulltime and applied for disability

18 insurance benefits and supplemental security income benefits. She appeals the

19 denial of benefits by the Administrative Law Judge (ALJ) on the grounds that the

20

21 ─────────────────

   [1] For privacy reasons, Plaintiff is referred to by first name and last initial or as
22
   "Plaintiff." *See* LCivR 5.2(c).
23

ALJ improperly analyzed the opinions of the examining medical sources and treating medical sources, Dr. Cline, Dr. Bowes, LMHC Joachims, Dr. Duke, and LMHC Kline; and the ALJ improperly assessed Plaintiff's credibility. As is explained below, the ALJ erred. This matter is remanded for further proceedings.

## I.    Background

In August 2018, Plaintiff filed an application for benefits under Title 2 and in September 2028, filed an application for benefits under Title 16, with both applications claiming disability beginning January 1, 2016, based on the physical and mental impairments noted above.[2]

After the agency denied Plaintiff benefits, ALJ Chris Stuber held a telephone hearing in May 2020, at which Plaintiff appeared with her representative.[3] Plaintiff and a vocational expert testified. [4] On June 26, 2020, the ALJ issued an unfavorable decision, and Plaintiff appealed to the Appeals Council.[5] In October 2020, the Appeals Council denied Plaintiff's appeal and she filed in this court.[6] The parties stipulated to a remand for further proceedings, and the Appeals Council remanded the case back to the ALJ for further consideration of Plaintiff's

---

[2] AR 229.

[3] AR 34-62.

[4] *Id.*

[5] AR 12-33, 184.

[6] AR 1-6, 1158, 1161.

cardiac arrhythmia.[7] In November 2023, ALJ Glenn Meyers held a hearing at which Plaintiff appeared with her representative.[8] Plaintiff, a medical expert, and a vocational expert testified.[9]

After the hearing, the ALJ issued a decision denying benefits.[10] The ALJ found Plaintiff's alleged symptoms were not entirely consistent with the medical evidence and the other evidence.[11] As to medical opinions: the ALJ found:

- The opinions of medical expert Warren Israel, MD, to be persuasive.

- The opinions of state agency evaluator Alnoor Virji, MD, to be persuasive

- The opinions of state agency evaluators Lisa Hacker, MD, and John Gilbert, PhD, to be persuasive with one exception, that Plaintiff should be further limited in her interactions with others.

- The opinions of examining source R.A. Cline, PsyD, to be persuasive.

---

[7] AR 1161, 1162.

[8] AR 1089-1129.

[9] *Id*.

[10] AR 1057-1083. Per 20 C.F.R. §§ 404.1520(a)–(g), a five-step evaluation determines whether a claimant is disabled.

[11] AR 34-36.

- The opinions of Tasmyn Bowes, PsD, to be persuasive with one exception, that Plaintiff's limitation completing a normal workday or work week is moderate rather than marked, as opined by Dr. Bowes.

- That the opinions of treating sources Candy Joachims, LMHC; Aubrie Duke, PharmD; and Cara Kline, LMHC, to be unpersuasive.[12]

The ALJ also considered the third-party function report completed by Plaintiff's mother.[13] As to the sequential disability analysis, the ALJ found:

- Step one: Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. Plaintiff had not engaged in substantial gainful activity since January 1, 2016, the alleged onset date.

- Step two: Plaintiff had the following medically determinable severe impairments: depressive disorder, PTSD, social phobia, and substance use in remission.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments with specific consideration of Listings 12.04, 12.06, and 12.15.

---

[12] AR 1070-1073.

[13] AR 1009.

- RFC:  Plaintiff had the RFC to perform light work with the following exceptions:

  occasional stooping, crouching, and climbing ramps and stairs; no crawling, kneeling, or climbing ropes, ladders, or scaffolds; frequent handling and fingering; no work at heights or in proximity to hazardous conditions; proximity to a bathroom in the workplace; able to understand, remember, and carry out simple instructions and tasks; able to use judgment to make simple work-related decisions; no contact with the public; capable of working in proximity to but not in coordination with coworkers; occasional contact with supervisors.

- Step four: Plaintiff can perform her past relevant work as a housekeeping cleaner, and a marker as they are performed in the general economy.

- Step five: in addition to the ability to perform her past relevant work as noted above, considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as a small parts assembler (DOT 706.684-022), electrical accessories assembler (DOT 729.684-010), and office helper (DOT 239.567-010).[14]

Plaintiff timely requested review of the ALJ's decision by this Court.

---

[14] AR 1063-1075.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## II.    Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error,"[15] and such error impacted the nondisability determination.[16] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[17]

## III.    Analysis

Plaintiff seeks relief from the denial of disability on two grounds. She argues the ALJ erred when evaluating the medical opinions and also erred when

---

[15] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[16] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[17] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

1    evaluating Plaintiff's subjective complaints.  The Commissioner counter-argues

2    that the ALJ properly considered the medical opinions and gave good reasons for

3    discounting Plaintiff's subjective complaints. The Court disagrees in part with the

4    Commissioner. As is explained below, the ALJ's analysis contains consequential

5    error.

6    **A.    Medical Opinion: Plaintiff establishes consequential error**

7           Plaintiff argues the ALJ erred in his evaluation of the medical opinions. [18]

8    Specifically, Plaintiff argues that the ALJ erred in finding that the opinions of

9    Dr. Cline to be persuasive but failing to provide for the opined limitation that

10   Plaintiff would have a moderate limitation in her ability to complete a normal

11   workday or work week without interruption. She also argues that the ALJ did not

12   give good reasons to discount the opinion of Dr. Bowes that Plaintiff has a marked

13   limitation in the ability to complete a normal workday or week without

14   interruption, and did not give good reasons to discount the opinions of LMHC

15   Joachims, Dr. Duke, or LMHC Kline.  The Commissioner argues there was no error

16   because the ALJ properly evaluated Plaintiff's subjective complaints and the ALJ

17   properly evaluated the opinion evidence.

18

19   _____

20   [18] An ALJ must consider and articulate how persuasive he found each medical

21   opinion, including whether the medical opinion was consistent with and supported

22   by the record. 20 C.F.R. §§ 404,1520c(a)–(c), 416.920c(a)–(c); *Woods v. Kijakazi*, 32

23   F.4th 785, 792 (9th Cir. 2022).

1      1.    <u>Standard</u>

The ALJ was required to consider and evaluate the persuasiveness of the medical opinions and prior administrative medical findings.[19] The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include, but are not limited to, supportability, consistency, relationship with the claimant, and specialization.[20] Supportability and consistency are the most important factors,[21] and the ALJ must explain how she considered the supportability and consistency factors when reviewing the medical opinions and support her explanation with substantial evidence.[22] When considering the ALJ's findings, the Court is constrained to the reasons and supporting explanation offered by the ALJ.[23]

---

[19] 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b).

[20] 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

[21] *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

[22] *Id.* §§ 404.1520c(b)(2), (c); 416.920c(b)(2), (c)(1)–(5); *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022) ("The agency must articulate . . . how persuasive it finds all of the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings.") (cleaned up).

[23] *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (recognizing court review is constrained to the reasons the ALJ gave).

1

2.      Relevant Medical Opinions

2

Plaintiff appeals the ALJ's decision and argues error solely regarding her

3

mental impairments.  The Court will address only the relevant medical opinions

4

regarding Plaintiff's mental impairments.

5

a.      R. A. Cline, PsyD

6

On July 11, 2017, R.A. Cline, PsyD examined Plaintiff at the request of the

7

Washington State Department of Social Services.[24] Dr. Cline's report included a

8

psychosocial history, treatment history, educational and work history, and a

9

substance use history, as well as a description of daily activities.[25] Dr. Cline noted

10

that Plaintiff described short periods of depressed mood that did not meet the

11

criteria for depression and may have been substance induced and anxiety

12

symptoms consistent with a trauma disorder.[26] Dr. Cline diagnosed depressive

13

disorder, likely substance induced; a trauma or stress-related disorder; opiate use

14

disorder, in reported sustained remission; marijuana use disorder, in reported

15

early remission; methamphetamine use disorder, in reported early remission; and

16

alcohol use disorder, in reported sustained remission.[27] Dr. Cline opined that

17

Plaintiff had a mild limitation or no limitation in the following: understanding,

18

_____

19

[24] AR 314-318.

20

[25] AR 314-315.

21

[26] AR 315.

22

[27] Id.

23

remembering and persisting in simple and detailed tasks; maintaining a schedule and attendance; learning new tasks; performing routine tasks without special supervision; adapting to changes in a work setting; and asking simple questions or requesting assistance.[28]  Dr. Cline opined that Plaintiff had a moderate limitation in the following: making simple work-related decisions, being aware of normal hazards, communicating and performing effectively in a work setting, completing a normal work day and work week without interruptions from symptoms, and setting realistic goals and planning independently.[29]

The ALJ found Dr. Cline's opinions to be persuasive, and articulated the following:

> The July 2017 opinion by R.A. Cline, Psy.D. (Exhibit 2F/1-5) is *persuasive.* Dr. Cline opined that the claimant has no or only mild functional limitations in all areas of functioning except for moderate limitation in her ability to: make simple work-related decisions, be aware of normal hazards and take appropriate precautions, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, set realistic goals and plan independently and complete a normal workday and workweek without interruptions from psychologically based symptoms. This opinion is persuasive in that it is supported by the Dr. Cline's review of the record, medical expertise as an examining physician, and the mental status examination (*See e.g.,* Exhibit 2F/5). It is persuasive in that it was generated during or close to the period of time that the claimant was affected by substance use, and yet, her mental functioning was still assessed as only reflecting moderate levels of impairment at most, which is mirrored in the other mental status examinations of record (*See e.g.,* Exhibits 3F/5, 16, 20, 23, 27, etc.; 4F/1, 4; 6F/4, 12, 14, etc.; 6F/7, 12, 20, 33; 8F/4, 6, 8, 13-14, 19, 21, 30, 39, 74, 82, 94; 9F/21, 27,

---

[28] AR 316-317.

[29] *Id.*

35, etc.; 10F/5; 21F/7, 16, 23, 28, etc.; 21F/7, 16, 23, 28, etc.; 22F/17, 25, 33, 41, 46, etc.; 23F/4, 16, 26, 40; 24F/ 102, 166, 186, 213; 25F/19; 28F/16) and the minimal observations of psychiatric difficulties (*See e.g.,* Exhibits 3F/20, 23, 27, etc.; 4F/1, 4; 6F/4, 12, 14, etc.; 8F/4, 6, 19, 21, etc.; 9F/21, 27, 35, etc.; 10F/5; 2F/5, 11), as discussed in detail above. This opinion is generally consistent with the opinion of Dr. Hacker, Dr. Gilbert, and Dr. Bowes.[30]

Plaintiff argues that the ALJ's formulated RFC does not provide for the moderate limitations which Dr. Cline opined would be present in completing a normal work week and work day. This argument is not a frivolous one. The Court notes that it was Dr. Bowes' opinion that Plaintiff would have a marked limitation in this area and that when considering Dr. Bowes' opinion the ALJ reiterated his finding that the evidence indicated a moderate limitation in this area.[31]

The ALJ included provisions in the RFC for Dr. Cline's opined moderate limitations in making work-related decisions and being aware of hazards.[32] Plaintiff thus raises the question whether the RFC properly accounts for Plaintiff's limitation in completing a normal work week by limiting her to simple instructions and tasks, with limited contact with the public and coworkers. There is caselaw in this Circuit which holds that it does not.

---

[30] AR 1071.

[31] AR 1071-1072

[32] AR 1066-1067.

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record.[33]  "[A]n RFC that fails to take into account a claimant's limitations is defective."[34] Moreover, "[w]here an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them."[35] In this instance, the ALJ noted twice his acceptance of the opinion that Plaintiff had a moderate limitation.

Courts have rejected the argument that a similar limitation to simple tasks in the RFC adequately accounts for moderate limitations in the ability to maintain regular attendance or complete a normal work day or work week.[36] "[C]ase law in

---

[33] *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)

[34] *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

[35] *Martin v. Comm'r of Social Security Administration*, 472 Fed.App'x 580 (9th Cir. 2012).

[36] *Donna M. v. Saul*, No. 19-CV-03134-DMR, 2020 WL 6415601, at *4 (N.D. Cal. Nov. 2, 2020); *Christopher G. v. Saul*, No. 2:19-CV-06150-AFM, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (finding RFC to perform work involving simple, routine tasks with limited public and co-worker interaction failed to address moderate limitations in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, completing a

1    this circuit is split but tends to favor the view that a restriction to simple/routine

2    tasks is not a catchall and does not account for all moderate limitations."[37];

3         In finding that the ALJ's formulated RFC does not properly account for the

4    moderate limitation in Plaintiff's ability to complete a normal work day or work

5    week, the Court is especially mindful of two facts.  First, as noted above, the ALJ

6    was clear in his acceptable of the opinions of both Dr. Cline and Dr. Bowes that

7    Plaintiff had at least a moderate limitation in her ability to complete a normal

8    work day or work week.  Additionally, unlike many cases considered in which a

9    plaintiff was limited to work which was both simple *and* routine in nature, Plaintiff

10   was simply limited to "simple" instructions and tasks. This fact is of some

11

12

13

14

_____

15   normal work day or work week or performing at a consistent pace without an

16   unreasonable number and length of rest periods.)

17   [37] *Macias v. Saul*, No. 1:19-cv-01187-BAM, 2021 WL 856423, at *6 (E.D. Cal. Mar.

18   8, 2021) (collecting cases and concluding courts have rejected the argument that

19   limitation to simple tasks in the RFC adequately accounts for moderate limitations

20   in the ability to maintain regular attendance or complete a normal workday.); *see*

21   *also*, *Sahyoun v. Saul*, No. 2:18-cv-576-EFB, 2020 WL 1492661, at *4 (E.D. Cal.

22   Mar. 27, 2020).

23

consequence because a limitation to routine work is generally recognized as one intended to make work less stressful.[38]

Accordingly, the Court concludes that the ALJ erred in failing to incorporate limitations into the formulated RFC which provided for Plaintiff's moderate limitation in completing a normal work day or work week, and remand is warranted.

### b. _Tasmyn Bowes, PsyD_

On May 25, 2018, Dr. Bowes examined Plaintiff at the request of the Washington State Department of Social Services.[39] Dr. Bowes diagnosed Plaintiff with PTSD; major depressive disorder, recurrent, moderate; methamphetamine use disorder in sustained (1 year) remission; and opiate use disorder in sustained (1 year) remission.[40]  Dr. Bowes opined that Plaintiff had a mild limitation or no limitation in the following: understanding, remembering and persisting in simple tasks; maintaining a schedule and attendance; learning new tasks; performing routine tasks without special supervision; being aware of normal hazards; asking simple questions or requesting assistance; and setting realistic goals

---

[38] _Ford v. Comm'r of Soc. Sec.,_ No. 2:22-CV-0494-DMC, 2023 WL 5021162, at *6 (E.D. Cal. Aug. 7, 2023).

[39] AR 319-324.

[40] AR 322.

independently.[41] Dr. Bowes opined that Plaintiff had a moderate limitation in the following: understanding, remembering and persisting in detailed tasks; adapting to change in a work setting; communicating and performing effectively in a work setting; and maintaining appropriate behavior in a work setting.[42] Dr. Bowes opined that Plaintiff would have a marked limitation in completing a normal work day or work week without interruption from psychologically based symptoms.[43]

As noted by the court above, the ALJ found Dr. Bowes' opinions to be persuasive with the exception of her opinion that Plaintiff had a marked limitation in completing a normal work day and work week.[44] The ALJ instead reasoned that Dr. Cline's assessment was more accurate, and articulated:

> [T]he marked limitation she suggested for "completing a normal workday and workweek without interruptions from psychologically based symptoms" is not persuasive because it is not supported by the mental status examination and does not meet the durational requirement (*See e.g.,* Exhibit 2F/10-11). The mental status examinations of record support moderate limitations at most (*See e.g.,* Exhibits 3F/5, 16, 20, 23, 27, etc.; 4F/1, 4; 6F/4, 12, 14, etc.; 6F/7, 12, 20, 33; 8F/4, 6, 8, 13-14, 19, 21, 30, 39, 74, 82, 94; 9F/21, 27, 35, etc.; 10F/5; 21F/7, 16, 23, 28, etc.; 21F/7, 16, 23, 28, etc.; 22F/17, 25, 33, 41, 46, etc.; 23F/4, 16, 26, 40; 24F/ 102, 166, 186, 213; 25F/19; 28F/16) and the minimal observations of psychiatric difficulties (*See e.g.,* Exhibits 3F/20, 23, 27, etc.; 4F/1, 4; 6F/4, 12, 14, etc.; 8F/4, 6, 19, 21, etc.; 9F/21,

---

[41] AR 322-323.

[42] *Id.*

[43] AR 323.

[44] AR 1071-1072.

DISPOSITIVE ORDER - 15

27, 35, etc.; 10F/5; 2F/5, 11), as discussed in detail above. Aside from that exception, this opinion is generally consistent with the opinion of Dr. Hacker, Dr. Gilbert, and Dr. Cline.[45]

Plaintiff argues that that the ALJ simply specified page numbers and did not articulate what information was unsupportive.[46]  The Court disagrees.  Here, the ALJ specifically referred to the objective findings of mental status examinations which are found on the pages cited.  Moreover, the ALJ incorporated by reference his detailed language regarding a lack of observed symptoms during examinations.  A reasonable person reading the ALJ's explanation would be able to understand the records he found to be inconsistent with Dr. Bowes' opined marked limitation.

The Court finds that the ALJ's error in his consideration of Dr. Bowes' opinion is therefore the one cited above when considering Dr. Cline's opinions.  He stated that Plaintiff's limitation in the ability to complete normal work day and work week was moderate, and then failed to include a provision for that limitation in the RFC.

---

[45] AR 1072.

[46] ECF No. 10.

DISPOSITIVE ORDER - 16

1

2

        *c.*     *LMHC Candy Joachims, PharmD Aubrie Duke, and LMHC*

            *Cara Kline*

3

    Because the Court has already found it appropriate to remand this case

4

based upon the ALJ's consideration of the medical opinions of Dr. Cline and Dr.

5

Bowes, the Court briefly addresses the ALJ's consideration of the opinions of

6

LMHC Joachims, Dr. Duke, and LMHC Kline. The ALJ addressed the opinions of

7

the three providers and articulated the following reasoning in finding their

8

opinions to be unpersuasive:

9

> Under our agency regulations, we consider the decisions of other
> agencies and nongovernmental agencies inherently neither valuable
> nor persuasive. While I have addressed the examination findings as
> warranted, the conclusions of these opinions are not persuasive. LMHC
> Joachims, Ms. Duke, and LMHC Kline did not examine the claimant
> when completing these evaluation forms and there is no indication of
> what records, if any, they reviewed. These three providers are non-
> acceptable medical sources. Their opinions are brief, conclusory, and
> inconsistent with the medical evidence of record as a whole. These
> opinions are also inconsistent with the mental status examinations
> found throughout of record.[47]

10

11

12

13

14

15

    Plaintiff is correct in her argument that the ALJ has confused the

16

Administration's policy regarding decisions issued by other agencies and opinions

17

rendered for submission to other agencies.[48]  The opinions submitted by the three

18

treating providers are not decisions.  Additionally, opinions from a medical source

19

may not be rejected simply because they were created or initially obtained for

20

21

[47] AR 1072.

22

[48] ECF No. 10.

23

1   purposes other than submission to the Administration.[49] Moreover, the reports in

2   question were created for and submitted to the Washington State Department of

3   Social Services using forms similar to those used by Dr. Cline and Dr. Bowes.  The

4   ALJ articulates nothing to explain his reasoning that reports rendered by Dr. Cline

5   and Dr. Bowes for submission to the Washington State Department of Social

6   Services are persuasive but reports rendered by the three treating sources for

7   submission to the Washington State Department of Social Services are

8   unpersuasive.

9           Plaintiff's argument as to the nature of these sources' relationship to the

10   Plaintiff seems not to have been considered by the ALJ.  The ALJ's articulated

11   reasoning that it was unclear what records they reviewed cannot be considered a

12   "good reason" when one considers that Plaintiff received her mental health

13   treatment from those sources at a common facility and that each had access to and

14   entered notes into her medical file.

15           The ALJ's reasoning that the opinions were simply conclusions is not

16   erroneous on its face.[50]  But they are not simply conclusory statements.  For

17

18   [49] *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995)

19   [50] *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)

20   (recognizing that a medical opinion may be rejected if it is conclusory or

21   inadequately supported); *Lingenfelter*, 504 F.3d at 1042 (recognizing that a medical

22   opinion is evaluated as to the amount of relevant evidence that supports the

23

DISPOSITIVE ORDER - 18

instance, the opinion by LMHC Kline dated May 22, 2023, provides a diagnosis of PTSD, social phobia, and major depressive disorder; notes that Plaintiff's symptoms include limitations in following instructions, memory retention, concentrating for extended periods of time, and interacting with others; opines that Plaintiff can work no more than 10 hours a week; and notes that cognitive behavioral therapy is being utilized to assist Plaintiff in regulating her emotions and increasing her ability to function overall.[51] This is not a "conclusory statement" such as is contemplated by *Bray*, and the ALJ's reasoning accordingly is not "good reason" to reject the opinion.

The ALJ does correctly state that the three treating sources are not considered an "acceptable medical source" pursuant to the regulations.[52] Ordinarily, the Court would consider this reasoning to be proper. The Court is less inclined to give deference to this finding, however, given the flawed reasoning noted above, and finds this somewhat a moot issue, as the Court has found remand warranted for consideration of the medical opinions as a whole.

---

opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole); *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996).

[51] AR 2361-2362.

[52] 20 C.F.R. §§ 404.1502, 416.902.

1

2

3

4

5

     3.   <u>Summary</u>

Because the ALJ did not give good reasons for his evaluation of the medical opinions in the record, a remand is warranted.  On remand, the ALJ is directed to properly consider the medical opinions and to formulate an RFC which accounts for all the opinions credited.

6

**B.**   **Plaintiff's Subjective Complaints: The Court finds the issue moot.**

7

8

9

10

11

Plaintiff argues the ALJ failed to properly assess her subjective complaints. As discussed above, the ALJ erred in his consideration of the medical opinion evidence.  Because the Court has remanded the case for consideration of the medical opinions, the ALJ will be required to reconsider the credibility of Plaintiff's subjective complaints.

12

**C.**   **Remand for Further Proceedings**

13

14

15

16

17

Plaintiff submits a remand for payment of benefits is warranted. The decision whether to remand a case for additional evidence, or simply to award benefits, is within the discretion of the court."[53] When the court reverses an ALJ's decision for error, the court "ordinarily must remand to the agency for further proceedings."[54]

18

19

20

[53] *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

21

22

23

[54] *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke*  379 F.3d at  595 ("[T]he proper course, except in rare circumstances, is to remand to the agency for

The Court finds that further development is necessary for a proper disability determination. Here, the ALJ should consider the medical opinions and make findings at each of the five steps of the sequential evaluation process.

### IV.    Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2.    The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 10 and 12**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 25th day of July, 2024.

_Edward F. Shea_

EDWARD F. SHEA
Senior United States District Judge

_____

additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).